IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JACK IVAN SHAW, <br><br> Plaintiff, <br><br> v. <br><br> KERRY CARSON, et al., <br><br> Defendants. | CIVIL ACTION NO.: 4:21-cv-204 |

**REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim against Defendant Brown.[1] However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order:

(1) Plaintiff's false arrest claims against Defendants Carson, Barella, Carter, Stevens, Woods, and Dotson; and

(2) Plaintiff's excessive force claims against Defendants Carson, Barella, Carter, Stevens, Woods, and Dotson.

---

[1] Plaintiff takes issue with the Court referring to his "complaint" when he filed a "claim." Doc. 8. A complaint is the "initial pleading that starts a civil action" and states the basis for jurisdiction, the demand for relief, and the basis for the plaintiff's claim. Fed. R. Civ. P. 8; Complaint, Black's Law Dictionary (11th ed. 2019). The complaint is typically the document that contains the claims.

## PLAINTIFF'S CLAIMS[2]

Plaintiff's causes of action arise from an incident on July 8, 2019.  Doc. 1 at 14.  Plaintiff was on the side of a road preparing to change a tire on a car he borrowed from his son when Defendant Carson pulled up to offer assistance.  Id.  Plaintiff declined the help, and Defendant Carson returned to her vehicle.  Id.  Unbeknownst to Plaintiff, Defendant Carson ran the car's license plate number and discovered the owner of the automobile, Plaintiff's son, had a suspended license.  Id. at 14–15.  Defendant Carson called for backup, then left her vehicle and went back to Plaintiff, requesting his driver's license.  Id. at 14.  Though Plaintiff initially refused to give his driver's license, he did eventually give Defendant Carson his passport for identification purposes.  Id.  She placed the passport card in her pocket and refused to return the identification.  Id. at 14–15.  Defendant Carson then threatened Plaintiff with a taser with the safety off.  Id. at 4, 15.

Responding to the backup call, Defendants Carter, Barella, Stevens, Woods, and Dotson arrived on the scene.  Id. at 4, 22–23.  Defendant Carson informed them Plaintiff's driver's license was suspended.  Id. at 15.  Defendant Carter detained Plaintiff without verifying any of Defendant Carson's statements.  Id. at 16.  Defendant Barella signaled to Defendant Carter and the other officers present to perform a takedown on Plaintiff.  Id.  Defendants Carter, Barella, Stevens, Woods, and Dotson all participated in the physical takedown.  Id.  As a result of the force used in detaining Plaintiff, the officers landed on Plaintiff, constricting his ability to breathe.  Id.  Plaintiff also sustained injures to his left knee and hip which later required shots.  Id.  Defendants also placed Plaintiff in handcuffs so tight he lost circulation to his hands.  Id.

---

[2]   All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

Plaintiff states Defendant Brown, the chief of police, had Defendant Carson's body camera edited by the local news, which then ran the edited version and which deliberately depicted Defendant in a negative light.  Id. at 4.  Plaintiff sues all Defendants in their individual capacities and seeks $5.4 million in monetary damages.  Id. at 20.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

Plaintiff states Defendant Brown had Defendant Carson's bodycam footage edited to depict Plaintiff in a negative light and then allowed the news media to play the edited footage. Doc. 1 at 4. Plaintiff suggests he was embarrassed by this release of footage but does not allege other injuries from Defendant Brown's actions. These facts do not set out any constitutional violation. To state a claim for relief under § 1983, a plaintiff must show "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Here, Plaintiff does not link a deprivation of a constitutional right or the violation of a law to the alleged actions of Defendant Brown. For this reason, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim against Defendant Brown.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: Plaintiff's claim against Defendant Brown. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order:

(1)  Plaintiff's false arrest claims against Defendants Carson, Barella, Carter, Stevens, Woods, and Dotson; and

(2)  Plaintiff's excessive force claims against Defendants Carson, Barella, Carter, Stevens, Woods, and Dotson.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual

findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of February, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA