IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JACK IVAN SHAW, <br><br> Plaintiff, <br><br> v. <br><br> KERRY CARSON, et al., <br><br> Defendants. | CIVIL ACTION NO.: 4:21-cv-204 |

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion to Stay.  Doc. 33.  Defendants request the Court stay proceedings in this matter until resolution of Plaintiff's state criminal proceedings or, in the alternative, stay discovery deadlines until resolution of Defendants' motion to dismiss, invoking Younger v. Harris, 401 U.S. 37 (1971).  Id. at 4.  Plaintiff opposes a stay, arguing no similarity exists between his situation and Younger.  Doc. 36 at 5.  Plaintiff further argues he filed this action prior to his indictment and he still has not been indicted; thus, there are no pending criminal proceedings.  Id. at 2.  For the following reasons, I **RECOMMEND** the Court **STAY** and **ADMINISTRATIVELY CLOSE** the case until entry of final judgment of Plaintiff's state criminal proceedings.

In Younger, 401 U.S. at 46, 53–54, the United States Supreme Court held absent extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court.  Id.; see also Newsome v. Broward Cnty. Pub. Defenders, 304 F. App'x 814, 816 (11th Cir. 2008) ("[F]ederal courts ordinarily must refrain

from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding."). The Supreme Court also reaffirmed in Younger "the settled doctrines" and "longstanding public policy" that federal courts should not intervene in an ongoing state criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 49–50.

While Younger involved a federal suit for injunctive relief from ongoing state proceedings, the Eleventh Circuit has indicated Younger abstention extends to cases involving § 1983 claims for monetary damages. See, e.g., Doby v. Strength, 758 F.2d 1405, 1406 (11th Cir. 1985) (requiring Younger abstention where plaintiff raised Fourth Amendment § 1983 damages claims related to ongoing state criminal proceedings). When considering § 1983 claims for damages, the Eleventh Circuit has indicated courts should stay rather than dismiss proceedings under Younger. See, e.g., id. (applying Younger and ordering a stay, rather than dismissal, of a §1983 damages claim); see also Feagin v. 22nd Jud. Circuit Drug Task Force, No. 2:15-CV-717, 2016 WL 540968, at *3 (M.D. Ala. Jan. 20, 2016) ("A stay, as opposed to dismissal, is appropriate where, as is the case here, the plaintiff seeks monetary relief and such claims cannot be addressed in the pending state court proceedings.") "If a plaintiff files a false arrest claim before he has been convicted . . . , it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393–94 (2007). Younger also laid out three exceptions to the abstention doctrine: (1) when there is evidence the state proceedings are motivated by bad faith; (2) when irreparable injury would occur; and (3) when there is no

adequate alternative state forum where the constitutional issues can be raised. Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing Younger, 401 U.S. at 45).

The instant case meets all the factors that indicate Younger abstention applies. Plaintiff is facing pending state criminal charges. Plaintiff's arraignment date is set in the state docket, and he has been assigned indigent counsel.[1] See Doc. 33-3. Furthermore, the state's ability to prosecute violations of its own laws is an important state interest. See, e.g., Christman v. Crist, 215 F. App'x 231, 232 (11th Cir. 2009). Plaintiff also has the ability to challenge his arrest and bring his constitutional issues forth in the state court proceedings. As for the exceptions, Plaintiff does not make any argument about alleged bad faith, irreparable injury caused by the state proceeding, or the inadequacy of the state forum. See Hughes, 377 F.3d at 1263 n.6. Though the case meets all the Younger abstention factors, Plaintiff is seeking monetary damages as relief. Doc. 1 at 5. Therefore, the Court finds it appropriate to stay this case until Plaintiff's state criminal proceedings have been resolved. See Doby, 758 F.2d at 1406.

For the above reasons, I **RECOMMEND** the Court **STAY** and **ADMINISTRATIVELY CLOSE** the case until entry of final judgment of Plaintiff's state criminal proceedings. The Court **ORDERS** Defendants to file every 60 days a status report informing the Court of the status of the criminal proceeding. The first status report will be due **on or before December 16, 2022**. Additionally, Plaintiff **SHALL FILE** a motion to reopen this action within 30 days of the

---

[1] Plaintiff argues Younger should not apply because he has not yet been indicted in state court. Doc. 36 at 2. This argument is unavailing. Younger abstention is applicable where there is an ongoing state judicial proceeding. See 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003) (noting Younger principles are applicable to state criminal proceedings and non-criminal judicial proceedings affecting important state interests). Plaintiff is facing misdemeanor charges in state court, where a prosecutor is entitled to pursue the case on an accusation. See O.C.G.A. §§ 15-7-46, 17-7-71. Indeed, Defendants note the prosecutor in Plaintiff's state case has already filed the Accusation, indicating charges are currently pending. Doc. 39 at 2.

conclusion of his state criminal proceeding.

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this 17th day of October, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA