IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JACK IVAN SHAW,<br><br>      Plaintiffs,<br><br>      v.<br><br>KERRY CARSON #652; T. CARTER #658; C. BARELLA #636; C. STEVENS #651; K. WOODS #620; and MR. DOTSON,<br><br>      Defendants. | CIVIL ACTION NO.: 4:21-cv-204 |

**O R D E R**

Before the Court is pro se Plaintiff Jack Ivan Shaw's recent filing, in which he states that he has "decided to forgive" Defendants Thomas Carter, Corey Barella, Corey Stevens, Kevin Woods, and Christopher Dotson and "drop the precedings [sic] against them . . . ." (Doc. 57, p. 2.) Plaintiff further states that "[i]t is [his] wish for the [listed] officers . . . [to] be released from [his] claim and there [sic] names removed from [his] suit" and that he wishes for "this effect [to] be immediate." (Id.)

The specified Defendants have filed a motion to dismiss in lieu of answering (and they have not filed a motion for summary judgment). (Doc. 31.) Only Defendant Carson, who is the one Defendant Plaintiff does not seek to dismiss, has filed an Answer. (Doc. 32.) Defendant Carson's Answer does not contain any cross-claims against any of her co-Defendants. (See id.) All of the Defendants—including Defendant Carson—have filed a notice indicating that they consent to the dismissal of Defendants Carter, Barella, Stevens, Woods and Dotson. (Doc. 59.)

Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Additionally, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." See also Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 255 (5th Cir. 1973) ("[R]eading the rules governing dismissal by notice and dismissal by motion together, we conclude that it was intended by the rule-makers to permit dismissal against such of the defendants as have not served an answer or motion for summary judgment . . . .")[1] Finally, Rule 41(a)(2) permits dismissal "at the plaintiff's request . . . by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

In light of all the foregoing, the Court **GRANTS** Plaintiff's request, (doc. 57), and **DISMISSES** all claims against Defendants Carter, Woods, Stevens, Barella, and Dotson, without prejudice,[2] and **DIRECTS** the Clerk of Court to update the docket accordingly.

**SO ORDERED**, this 3rd day of November, 2023.

_[signature]_

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] Both of the referenced subsections of Rule 41 state that the dismissal is without prejudice unless otherwise specified. See Fed. R. Civ. P. 41 (a) & (b). Plaintiff did not request that the dismissals be with prejudice and the Court does not observe, from either Plaintiff's filing or Defendants' response, a reason for the dismissals to be with prejudice.