IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JACK IVAN SHAW,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KERRY CARSON,<br><br>　　　　Defendant. | CIVIL ACTION NO.: 4:21-cv-204 |

**REPORT AND RECOMMENDATION**

Defendant Carson filed a Partial Motion to Dismiss.[1]  Doc. 31.  Plaintiff filed a Response in opposition, and Defendant filed a Reply.[2]  Docs. 34, 38.  For the reasons that follow, I **RECOMMEND** the Court **GRANT** Defendant Carson's Partial Motion to Dismiss, **DISMISS** Plaintiff's excessive force claim, and **DENY** Plaintiff *in forma pauperis* status on appeal.  Plaintiff's false arrest claim against Defendant Carson should remain pending.

**PROCEDURAL HISTORY**

Plaintiff, proceeding pro se, brought this suit under 42 U.S.C. § 1983, alleging causes of action arising from an incident on July 8, 2019.  Doc. 1 at 4, 14.  Plaintiff was on the side of a road preparing to change a tire on a car he borrowed from his son when Defendant Carson pulled

---

[1]　Former Defendants Barella, Carter, Dotson, Stevens, and Woods also moved to dismiss Plaintiff's claims against them.  Doc. 30.  Plaintiff filed a notice of dismissal against these Defendants, and the Court granted Plaintiff's request and dismissed his claims against these former Defendants.  Doc. 60.  Thus, I **RECOMMEND** the Court **DENY as moot** these Defendants' motion to dismiss.  Doc. 30.

[2]　Plaintiff also filed a notice that mentions qualified immunity, but this notice does not appear to relate to Plaintiff's excessive force claim against Defendant Carson.  Doc. 58.  To the extent Plaintiff intended this notice to address the excessive force claim against Carson, I have considered the notice, but it does not impact my analysis.

up to offer assistance. Plaintiff declined the help, and Defendant Carson returned to her vehicle. Id. at 17. Unbeknownst to Plaintiff, Defendant Carson ran the car's license plate number and discovered the owner of the automobile, Plaintiff's son, had a suspended license. Id. at 14–15. Defendant Carson called for backup, then left her vehicle and went back to Plaintiff, requesting his driver's license. Id. at 14. Though Plaintiff originally refused to give his driver's license, he eventually gave Defendant Carson his passport for identification purposes. Id. She placed the passport card in her pocket and refused to return it. Id. at 14–15. Defendant Carson then threatened Plaintiff with a taser. Id. at 4, 15.

Responding to the backup call, former Defendants Carter, Barella, Stevens, Woods, and Dotson arrived on the scene. Id. at 4, 22–23. Defendant Carson informed them Plaintiff's driver's license was suspended. Id. at 15. Carter detained Plaintiff without verifying any of Defendant Carson's statements. Id. at 16. Barella signaled to Carter and the other officers present to perform a takedown on Plaintiff. Former Defendants Carter, Barella, Stevens, Woods, and Dotson all participated in the physical takedown. As a result of the force used in detaining Plaintiff, the officers landed on Plaintiff, constricting his ability to breathe. Id. Plaintiff also sustained injures to his left knee and hip, which later required shots. Defendants also placed Plaintiff in handcuffs so tightly he lost circulation to his hands. Id. Plaintiff states Brown, the chief of police, had local news outlets edit Defendant Carson's body camera, which then ran the edited version that deliberately depicted Plaintiff as "come crazy old man." Id. at 4. Plaintiff sued all Defendants in their individual capacities and sought $5.4 million in monetary damages. Id. at 20.

The Court dismissed Plaintiff's claims against Brown on frivolity review. Docs. 11, 14. However, the Court served Plaintiff's Complaint on the remaining Defendants based on

Plaintiff's false arrest and excessive force claims. Doc. 12. As noted, the Court has dismissed Plaintiff's claims against former Defendants Barella, Carter, Stevens, Woods, and Dotson. Docs. 57, 60. Plaintiff's false arrest and excessive force claims against Defendant Carson currently remain.

## DISCUSSION

Defendant Carson asserts Plaintiff does not allege she personally participated in the takedown, nor does Plaintiff allege Defendant Carson used any other force against him. Doc. 31 at 4. Instead, Defendant Carson states Plaintiff alleges she threatened him with her taser but did not activate her taser or cause Plaintiff any injury. Id. Plaintiff generally responds Defendant Carson is not entitled to qualified immunity. Doc. 34.

**I.      Legal Standard**

To receive qualified immunity, a government official "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Hardy v. Broward Cnty. Sheriff's Off., 238 F. App'x 435, 439 (11th Cir. 2007) (citing Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002)). Then, the burden shifts to the plaintiff to show the defendant is not entitled to qualified immunity. Id. Defendant Carson was plainly acting within the scope of her discretionary authority as a police officer when she offered Plaintiff assistance and when she ran the license plate on the car Plaintiff was driving. Moreover, Plaintiff does not dispute Defendant Carson was acting within the scope of her discretionary authority.

Thus, the burden shifts to Plaintiff to show: (1) whether the facts viewed in the light most favorable to Plaintiff establish a violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct. Gilmore v.

3

Hodges, 738 F.3d 266, 272 (11th Cir. 2013); see also Mousa v. Bd. of Trustees of Univ. of Ala., No. 7:12-CV-3008, 2014 WL 1338110, at *1 (N.D. Ala. Mar. 31, 2014).

"Strict adherence to the order of those two inquiries is not required." Fish v. Brown, 838 F.3d 1153, 1162 (11th Cir. 2016) (citing Pearson v. Callahan, 555 U.S. 223, 236 (2009)). "In appropriate cases, it is within a district court's discretion to assume that a constitutional violation occurred in order to address, in the first instance, the question of whether such a presumed violation was clearly established on the date of the incident leading to the suit." Id. Even when there is a genuine factual dispute regarding whether a constitutional violation occurred, if the defendant did not act in violation of clearly established law, then the claim will not proceed past the motion to dismiss stage. See Nolen v. Jackson, 102 F.3d 1187, 1191 (11th Cir. 1997) (granting motion to dismiss on qualified immunity grounds because there was no support the conduct alleged in the case constituted a violation of clearly established law).

The violation of a constitutional right is clearly established if a reasonable official would understand her conduct violates that right. See Coffin v. Brandau, 642 F.3d 999, 1013 (11th Cir. 2011). A plaintiff can meet the clearly established requirement in one of three ways:

(1)     by pointing to a materially similar decision the United States Supreme Court, the Eleventh Circuit Court of Appeals, or of the supreme court of the state in which the case arose;

(2)     by establishing a broader, clearly established principle should control the novel facts of the case; or

(3)     by showing the case is one of those rare ones that fits within the exception of conduct which so obviously violates the Constitution that prior case law is unnecessary.

Powell v. Snook, 25 F.4th 912, 920 (11th Cir. 2022). For the first and second methods, the plaintiff must point to decisional law. Id. For the second and third methods, the court will look for "obvious clarity," which refers to a "principle or provision so clear that, even without specific

4

guidance from a decision involving materially similar facts, the unlawfulness of the officer's conduct is apparent." Id. "Obvious clarity" is a "narrow exception to the normal rule that only case law and specific factual scenarios can clearly establish a violation." Id.

## II.     Plaintiff Fails to Show the Right at Issue Was Clearly Established

The Court first considers whether Plaintiff has shown the right at issue was clearly established at the time of Defendant's alleged misconduct.  The specific conduct at issue is whether Defendant Carson's alleged threat to use her taser against Plaintiff, without more, is a violation of clearly established law.

As explained above, the burden is on Plaintiff to demonstrate the unlawfulness of Defendant's conduct was clearly established at the time of the alleged violation.  See Pearson, 555 U.S. at 232.  However, Plaintiff provided only a conclusory response to Defendant Carson's assertion of qualified immunity.  Plaintiff does not cite any authority or even attempt to articulate a general proposition Defendant Carson violated.[3]  Plaintiff's statements Defendant Carson did not perform her duties "within the purview, purpose, and the preamble of the Constitution for the United States" and "qualified immunity falls away with [c]onstitutional violations[,]" doc. 34 at 2, are not enough to overcome his burden of showing Defendant Carson is not entitled to qualified immunity.  Because Plaintiff does not meet his burden, Defendant Carson is entitled to qualified immunity, and the Court should grant her Partial Motion to Dismiss and dismiss Plaintiff's excessive force claims.

---

[3]     Even if Plaintiff had articulated such a general proposition, this would likely not be enough to overcome qualified immunity.  See Corbitt v. Vickers, 929 F.3d 1304, 1316 (11th Cir. 2019) (holding the district court erred when relying on a general proposition to clearly establish excessive force is unconstitutional).

5

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it would be proper to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the foregoing reasons, I **RECOMMEND** the Court **GRANT** Defendant Carson's Partial Motion to Dismiss and **DISMISS** Plaintiff's excessive force claim against Defendant Carson. The Court should also **DENY** Plaintiff *in forma pauperis* status on appeal. Plaintiff's false arrest claim against Defendant Carson should remain pending.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 6th day of March, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA