IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JACK IVAN SHAW,

    Plaintiff,

v.

KERRY CARSON,

    Defendant.

CIVIL ACTION NO.: 4:21-cv-204

## O R D E R

The Magistrate Judge issued a Report, recommending the Court grant Defendant Carson's Partial Motion to Dismiss and deny as moot former Defendants Barella, Carter, Dotson, Stevens, and Woods' motion to dismiss.  (Doc. 63.)  In lieu of Objections, Plaintiff has filed a Motion to Voluntarily Dismiss[1] and notes Defendant Carson did not "actually take part in any physical restraint against" him.  (Doc. 64, p. 1.)

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), the Court **GRANTS** Plaintiff's Motion and **DISMISSES without prejudice** Plaintiff's excessive force claim against Defendant Carson.  The Court **REJECTS as moot** the portion of the Magistrate Judge's March 6, 2024 Report and Recommendation concerning Defendant Carson's Partial Motion to Dismiss, (doc. 63).  The Court **ADOPTS** the portion of the Magistrate Judge's Report concerning Defendants Barella,

---

[1] Although Plaintiff provided no legal basis for his Motion, the Court construes Plaintiff's Motion as being made pursuant to Rule 41 of the Federal Rules of Civil Procedure.  "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."  Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)).  Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis."  Id. (quoting Castro, 540 U.S. at 381–82).

Carter, Dotson, Stevens, and Woods' motion to dismiss and **DENIES as moot** these Defendants' motion to dismiss. (Doc. 30.) I **DIRECT** the Clerk of Court to lift the stay imposed in this case, (doc. 56), and remind the parties of the Court's Standing Order, (doc. 62).

    **SO ORDERED**, this 26th day of March, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA